CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 13 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No.: 7:07cr00029-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RANDALL A. MONEYMAKER. | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| | ) | |

This is a motion under 28 U.S.C. § 2255 by Randall Moneymaker ("Moneymaker"), a federal inmate proceeding pro se, challenging his conviction and sentence on six counts related to making false statements to fraudulently receive veterans benefits. Moneymaker claims that (1) new evidence shows he was entitled to some of the veterans' benefits he received, so his sentence was based on guidelines that were calculated incorrectly, and (2) he was denied effective assistance of counsel. The Court finds that Moneymaker's claims lack merit, and therefore, grants the Unites States' motion to dismiss Moneymaker's § 2255 petition.

I.

Moneymaker served as an active duty infantryman in the United States Army from December 5, 1983, until March 28, 1985, when he was discharged for misconduct. He was prohibited from ever reenlisting in the Army. On June 3, 1997, Moneymaker filed a claim for service connected disability, claiming he had hurt his knees during his Army service in 1984. His claim was denied because there was no medical evidence of post-service treatment for a knee condition that could be attributed to Moneymaker's military service.

After submitting fraudulent paperwork claiming active duty service from October 10, 1985, to March 17, 2002, Moneymaker was allowed to enlist in the Active Guard Reserve ("AGR") in 2004. He served as a recruiter from March 18 to October 14, 2005, until being

separated from the AGR for reasons unrelated to his fraud. On December 22, 2005, Moneymaker filed a claim for service connected disability with the VA, claiming 15 different service connected illnesses. He supported his claim with multiple false documents and statements. He was given a 60% disability rating and awarded corresponding VA benefit payments, which totaled $18,449.32, until benefits were discontinued on August 31, 2007.

On August 9, 2007, Moneymaker was named in a two-count indictment which charged him with making false statements in applying for a military pension, in violation of 18 U.S.C. § 1001(a)(3), and another count which was later dismissed. On October 4, 2007, the indictment was superseded to add five additional charges: Count Three – Moneymaker knowingly submitted a false statement to the Veterans' Affairs ("VA"), in violation of 18 U.S.C. § 1001(a)(2); Count Four – Moneymaker knowingly submitted false documents to the VA, in violation of 18 U.S.C.§ 1001(a)(3); Count Five – Moneymaker knowingly submitted false statements during a VA Compensation and Pension medical exam, in violation of 18 U.S.C. § 1001(a)(2); Count Six – Moneymaker knowingly made false statements, in submitting a fraudulent VA Form 21-1900, in violation of 18 U.S.C. § 1001(a)(2); Count Seven – Moneymaker willingly stole $18,449.32 in disability payments from the VA, in violation of U.S.C. § 641.

On March 24, 2008, after a three-day trial, the jury convicted Moneymaker on all six remaining counts. Moneymaker moved for judgment of acquittal as to Count One, arguing that the evidence at trial was insufficient, and the Court denied the motion.

In the pre-sentence report ("PSR"), the probation officer, relying on information provided by the VA, determined that the actual loss was $18,449.32, the full amount of the VA payments to Moneymaker. The PSR stated that the intended loss for claiming the disability benefits was $610,319, based on the monthly VA payments of $901, multiplied by a 3.2% annual cost of

2

living adjustment, multiplied by 33 years (Moneymaker's remaining life expectancy). At the sentencing the Court found that the actual loss was $18,449.32 and the intended loss was $610,319, resulting in a total offense level of 20 under the Advisory Sentencing Guidelines. Moneymaker had a criminal History Category of I, resulting in a sentencing guideline range of 33-41 months. The Court sentenced Moneymaker to 36 months imprisonment, and ordered restitution in the amount of $18,449.32.

Moneymaker timely appealed his conviction and sentence. Moneymaker argued that there was insufficient evidence to support the jury's verdict, and that the District Court improperly calculated the amount of actual loss and intended loss because he was actually entitled to some of the veterans' benefits he claimed. On September 15, 2009, the Fourth Circuit, in an unpublished opinion, denied Moneymaker's appeal and affirmed his conviction and sentence. United States v. Moneymaker, 347 Fed.appx. 893, 2009 WL 3359198 (4th Cir 2009).

On March 8, 2010, the VA sent Moneymaker a Proposed Rating Decision (Dkt. No.: 126-2), which proposed to grant service connected disability and corresponding payments for 20% thoracic wedge fractures, 10% left knee strain, 10% right knee strain, and 10% bilateral foot strain, with a total disability rating of 40%.[1] This Proposed Rating Decision is the basis of Moneymaker's new evidence claim and allegedly shows that the Court erred by basing his sentence on the intended loss in the PSR. On July 8, 2010, the VA sent Moneymaker a Revised Rating Decision (Dkt. No.: 152-10), which proposed to sever all previous service connected disabilities based on Moneymaker's fraudulent conduct, meaning he was not entitled to any veterans' benefits. The letter advised Moneymaker that he had 60 days to submit evidence showing that he was entitled to any veterans' benefits, and Moneymaker submitted no evidence.

---

[1] The Proposed Rating Decision was generated in response to a request to reopen Moneymaker's previous claim on May 18, 2007. It is unclear what prompted the VA to issue the Proposed Rating Decision three years later.

3

On September 13, 2010, the VA sent Moneymaker a Final Rating Decision (Dkt. No.: 152-11) that severed all previous findings of service connected disability based on his fraudulent conduct, resulting in a final ruling that he was entitled to no VA benefits.

## II.

Moneymaker claims that the March 8, 2010, Proposed Rating Decision is new evidence that proves that he was entitled to some of the VA benefits he applied for and received. He argues that the decision proves that he is entitled to a 40% disability rating based on injuries that he sustained during the two years that he actually served in the Army, which would have entitled him to estimated payments $413,743 during his lifetime. Therefore, he argues that the Court in determining his sentencing guidelines should have found that his intended loss was only $203,785, the difference between the payments he would have received at the 60% disability rating and the 40% disability rating.

There are procedural reasons that preclude the Court from considering Moneymaker's claim and his alleged "new evidence."[2] However, assuming, but not finding, that the Court could review this claim and alleged new evidence, the Court still finds that Moneymaker's original sentence of 36 months is reasonable based on an intended loss of $610,319, and his sentence should not be reduced. "The district court is in a unique position to assess the evidence and estimate the loss based on the evidence." United States Sentencing Guidelines § 2B1.1, app.

---

[2] First, Moneymaker made the same claim to this Court during sentencing and on appeal to the Fourth Circuit. Both this Court and the Fourth Circuit rejected this claim. United States v. Crawley, 309 F.2d 155, 157 (4th Cir. 1962) (issues that were fully presented and determined on direct appeal cannot be relitigated in a habeas petition); Anderson v. United States, 468 F.Supp.2d 780, 784 (D.Md. 2007) ("It is well-settled law that an issue that has been determined on direct appeal may not be relitigated in a § 2255 motion"). Second, the March 8, 2010, Proposed Rating Decision is not new evidence. It is cumulative, and therefore irrelevant, because the proposed service connected disabilities include the same service connected disabilities found by the VA in its Original Rating Decision on October 12, 2006.

note 3(C). According to the Guidelines, the "court need only make a reasonable estimate of the loss." Id.[3]

First, the March 8 decision was only a "<u>Proposed</u> Rating Decision," which did not make any final determination of whether Moneymaker was entitled to VA benefits. The VA found that Moneymaker was not entitled to any VA benefits in the September 13, 2010, <u>Final</u> Rating Decision. The Court cannot find that Moneymaker was entitled to VA benefits simply because the VA again made an erroneous proposal to grant him benefits before it made the correct final decision to deny him benefits.

Second, the March 8 decision does not clearly state that Moneymaker was entitled to VA benefits because certain disabilities were service connected. In fact, the March 8 decision states, "It is proposed to <u>terminate service connection</u> for thoracic spine wedge fractures and lumbar strain from October 15, 2005 to December 22, 2005, due to fraud." (p. 3) (emphasis added). The next paragraph supports the proposal by citing the fact that Moneymaker submitted certain false documents. Then, inexplicably, the final paragraph of the section purports to restore the service connection effective December 23, 2005, pursuant to 38 C.F.R. 3.400(b)(2)[4]. The VA decision repeats the same language for all of Moneymaker's claims that it proposed to sever. It proposes to sever the claims due to fraud and then purports to restore the disability evaluation. The March 8 decision is unclear and contradictory and does not prove Moneymaker's claim that he was entitled to some VA benefits.

---

[3] See also 18 U.S.C. § 3742(e) ("The court of appeals . . . shall accept the findings of fact of the district court unless they are clearly erroneous, and . . . shall give due deference to the district court's application of the [sentencing] guidelines to the facts."); U.S. v. Moneymaker, 347 Fed.Appx. 893 (4th Cir. 2009) (The Fourth Circuit "will affirm a sentence imposed by the district court if it is within the statutorily prescribed range and it is reasonable.")

[4] 38 C.F.R. 3.400(b)(2) states that generally, the award of disability benefits relates back to the date the claim was filed. It is not at all related to fraudulent evidence or claims.

Third, Moneymaker has submitted no medical evidence that the alleged injuries that resulted in his proposed 40% rating in the March 8 decision are service connected. To the contrary, in 1997, the VA found that his alleged knee problems were not connected to his service 12 years earlier in 1984-1985. Because most of the records Moneymaker submitted to the VA were fraudulent, he would need to produce new, reliable medical evidence that his alleged disabilities are service related, and he has not done so.

Because Moneymaker has failed to produce new evidence that shows the Court erred in determining his intended loss, the Court finds that his original sentence of 36 months imprisonment and restitution of $18,449.32 is reasonable and declines to adjust his sentence and dismisses this claim.

### III.

Moneymaker also claims that he was denied effective assistance of counsel. He makes two specific claims: (1) that his counsel failed to investigate his claims that he was entitled to all or some of the VA benefits he claimed, and (2) that his counsel failed to accurately advise him of the sentence he faced and the advantages he lost by proceeding to trial instead of pleading guilty. However, the Court finds that none of his claims meet both the performance and prejudice prongs of Strickland v. Washington, 466 U.S. 668 (1984), and therefore, the Court dismisses them.

In order to establish an ineffective assistance claim, Moneymaker must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Strickland, 466 U.S. at 669; see also Williams v. Taylor, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. Strickland, 466 U.S. at

689; see also Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977). In addition to proving deficient performance, a petitioner asserting ineffective assistance of counsel must prove that he suffered prejudice as a result of his counsel's deficient performance. That is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694.

The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290 (citing Strickland, 466 U.S. at 697). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as not to "second-guess" the performance. Strickland, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n. 8 (4th Cir. 2008); Fields, 956 F.2d at 1297-99; Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In this case, Moneymaker has not demonstrated ineffective assistance of counsel.

### A.

Moneymaker first claims that his counsel, Charles J. Covati ("Covati") was constitutionally ineffective because he failed to investigate Moneymaker's claim that he was entitled to all or some of the VA benefits he claimed. Moneymaker claims Covati made no

attempt to have him reevaluated by the VA or other medical personnel when Covati should have done so. Moneymaker claims this prejudiced him because a reevaluation would have shown he was entitled to some benefits and would have altered his conviction or sentence.

Moneymaker's claim that Covati was ineffective for failing to have him reevaluated has no merit. First, Covati's performance was not deficient because he diligently attempted to have Moneymaker reevaluated. He advised Moneymaker to ask the VA to reevaluate him, but the VA refused to reevaluate Moneymaker because of his fraud. Covati also asked this Court to order the VA to reevaluate Moneymaker, arguing that without a reevaluation, Moneymaker's true disability rating or lack thereof was pure speculation. The Court did not grant that request.

Second, even if Covati performed deficiently in failing to have Moneymaker reevaluated, Moneymaker was not prejudiced. Moneymaker's claim that a reevaluation would have proven his entitlement to benefits rests solely on the March 8, 2010, Proposed Rating Decision. As this Court has already concluded, the March 8 decision does not show that Moneymaker was entitled to some benefits. Because Moneymaker cannot provide any evidence that a reevaluation would have proven his entitlement to VA benefits, he was not prejudiced by any alleged deficiency in his counsel's performance relating to investigating that claim.

**B.**

Moneymaker also claims that his counsel did not accurately advise him of his sentence or the advantages he lost by proceeding to trial instead of pleading guilty. Moneymaker has submitted affidavits from his mother and sister. The affidavits state that at a consultation after Moneymaker's conviction and before his sentencing that Covati stated that in "his opinion" he thought Moneymaker probably would not receive a prison sentence. Nila Wilson Affidavit (Dkt. No.: 126-4). Moneymaker also claims that Covati told him that he may receive a sentence of

No.: 126-4). Moneymaker also claims that Covati told him that he may receive a sentence of probation whether he proceeded to trial or pled guilty. Moneymaker claims that had he known the sentence he faced he would have pled guilty instead of proceeding to trial.

Moneymaker's claim has no merit or basis in fact. Covati did not tell Moneymaker that he believed he would only receive probation or house arrest if convicted. To the contrary, Covati told Moneymaker that there were no guarantees if he proceeded to trial and that the possible outcomes ranged from acquittal to 35 years incarceration. Covati Affidavit, p. 2 (Dkt. No: 152-15). He also discussed the benefits that would be lost by proceeding to trial, namely that Moneymaker would not be eligible for a reduction in his offense level for acceptance of responsibility. Id. at 1. Furthermore, if Covati's estimation was mistaken a "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir.1993); Bethel v. United States, 458 F.3d 711, 717 (7th Cir.2006), cert. denied, 127 S.Ct. 1027 (2007) ("An inaccurate prediction of a sentence alone is not enough to meet the standard [of ineffective assistance]."); United States v. Foster, 68 F.3d 86, 87-88 (4th Cir.1995). Therefore, Moneymaker's counsel did not perform deficiently when advising him of the possible outcomes and sentences in his case.

Even if Covati did make any mistakes in his calculations they did not prejudice Moneymaker. Throughout Covati's representation of Moneymaker, Moneymaker insisted that he was innocent and than he would not consider a guilty plea. Moreover, the affidavits of Moneymaker's mother and sister are irrelevant to whether Covati properly advised Moneymaker about the sentence he faced. The discussion they mention took place after Moneymaker had been convicted by a jury, so even if Covati did miscalculate potential sentences at that point, it

could not prejudice Moneymaker, who had already decided not to plead guilty and had been convicted by a jury.

Moneymaker's claims of ineffective assistance of counsel are without merit and must be dismissed by the Court.

**IV.**

For the reasons stated above, the Court will grant the United States' motion to dismiss Moneymaker's § 2255 petition.

**ENTER**: This 13th day of January, 2010.

*[signature]*
Senior United States District Judge